PER CURIAM.
Defendant, Charles Lee, was charged with murder and, after a trial by jury, was found guilty of manslaughter and sentenced to fifteen years in the State Penitentiary. On this appeal, defendant argues only one bill of exceptions to obtain a reversal of his conviction and sentence.
The basis of the defendant’s bill is that he was denied due process under the Louisiana and United States Constitutions because of the alleged destruction of evidence (the State’s failure to run fingerprint and blood tests before deterioration set in) material to the accused’s defense, whether due to willful inaction or to gross ngligence on the part of the State, thus allegedly making a fair trial impossible.
The appellant Charles Lee shot and killed Elaine Madison during a heated argument in a Baton Rouge apartment building. He then reported the shooting to the police, freely and voluntarily giving a statement wherein he told police investigators that he shot the deceased in self-defense when she attacked him with a “sharpened” (and/or “shortened”) broom handle. Five months later, upon request of court-appointed counsel *, the District Attorney acknowledged possession of the “jagged broom handle” and “bloody, diaper-like rag” (wrapped around the broom straw) found at the scene of the crime, but admitted that neither fingerprint nor blood tests had ever been performed on the items. When tests were finally run (still another month later), the results were negative due to the deterioration which had occurred during the five-month stay in the evidence room. It is this “deterioration” through the. alleged negligence by the State of evidence the defense says was favorable to him that is the basis of this complaint.
The question before this Court is whether, by allowing all links between the broken, jagged broom handle and the shooting of Elaine Madison to be destroyed, albeit through deterioration, the State withheld material evidence favorable to the defendant. And if so, was it reversible error.
Over State objections, the defendant did introduce into evidence at the trial, the jagged broom handle and the bloody rag. There followed testimony by two State’s witnesses to the effect that the dusting for fingerprints on the round broom handle would have been futile which went unre-butted. Further, testimony disclosed that the accused’s body was examined for bleeding or bruises on those parts receiving alleged blows from the deceased with the broom handle yet no bleeding was disclosed.
Defendant’s brief appears to be arguing the police deprived him of a degree of absolute connexity between the evidence and the crime, which the law does not require. He argues that but for the deterioration of the tell-tale signs, either the deceased’s prints on the broom handle, or an indication that the blood on the rag was the defendant’s, he had no evidence to support his plea of self-defense. The fact is that *546 the evidence was put before the jury who, alone, could determine the weight to give it in evaluating the accused’s defense.
We do not find there was any nondisclosure of evidence or what the defendant terms “suppression of evidence favorable to the defendant” by the State, either through deliberate deception or negligent conduct inconsistent with the rudimentary demands of justice. Cf. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We do not see that the admitted omission of tests on the evidence, had they been run and the results therefrom put before the jury, would have reduced the defendant’s offense below manslaughter, for which the defendant was convicted.
For these reasons, the. conviction and sentence are affirmed.

 Defendant had two attorneys prior to present counsel, neither of whom was able to represent him before present counsel was appointed. However, there is nothing in the record to preclude that the opportunity did not exist for either of these counsel to have requested an examination of these items.